**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**MONROE DIVISION**

**PABLO MOISES MEZA ALVAREZ #A246-865-944**                **CASE NO.  3:26-CV-01856 SEC P**

**VERSUS**                                            **JUDGE JAMES D. CAIN, JR.**

**WARDEN JACKSON PARISH**                 **MAGISTRATE JUDGE DAVID J. AYO**
**CORRECTIONAL CENTER ET AL**

## <u>MEMORANDUM ORDER</u>

Before the Court is a "Petition Emergency Motion for Temporary Restraining Order, Motion for Preliminary Injunction, and Request for Release Under Appropriate Conditions of Supervision" (Doc. 2) wherein Petition moves for an order from the Court for injunctive relief as to his immigration detention, to enjoin Respondents from removing him from the United States, and from transferring him outside the jurisdiction of this Court without prior notice to the Court.

Petitioner informs the Court that he is no longer in ICE custody and has been removed from the United States.[1]

"Article III of the Constitution limits federal 'Judicial Power,' that is, federal-court jurisdiction, to 'Cases' and 'Controversies.'" *U.S. Parole Comm'n v. Geraghty*, 445 U.S. 388, 395 (1980).  A case becomes moot "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Id.* at 396 (quoting *Powell v. McCormack*, 395 U.S. 486, 496 (1969)).  If a controversy becomes moot, the case must be

---

[1] See Supplement Notice of Removal, p.1, Doc. 12.

dismissed for lack of jurisdiction. *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477 (1990).

The case-or-controversy requirement "subsists through all stages of federal judicial proceedings, trial and appellate." *Spencer v. Kemna*, 523 U.S. 1, 7 (1998) (citations omitted). The parties must continue to have a "personal stake in the outcome" of the lawsuit. *Id*. Therefore, throughout the litigation, the petitioner "must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." *Id*.

Additionally, an alien who has been finally removed from United States is not "in custody," as required for a court to have the power to grant a writ of habeas corpus. *See Merlan v. Holder*, 667 F.3d 538 (5th Cir. 2011) (per curiam); *Dien Thanh Ngo v. Johnson*, 3:19-CV-976, 2019 WL 3468909 (N.D. Tex. 2019) (collecting cases), *report and recommendation adopted*, 2019 WL 3459817 (N.D. Tex. 2019); 28 U.S.C. § 2241.

Since Petitioner is no longer detained, his request for release from detention is moot. Accordingly,

**IT IS ORDERED** that Petitioner's Motion for Temporary Restraining Order, Motion for Preliminary Injunction, and Request for Release Under Appropriate Conditions of Supervision (Doc. 2) is **DENIED** and his Petition is **DISMISSED** without prejudice.

**THUS DONE AND SIGNED** in Chambers this 25th day of June, 2026.

JAMES D. CAIN, JR.
UNITED STATES DISTRICT JUDGE